United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41543
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER ZAMARRIPA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-995-ALL
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Javier Zamarripa appeals his sentence of 18 months in prison following his guilty-plea conviction for transporting an illegal alien for profit, in violation of 8 U.S.C. § 1324. The district court arrived at Zamarripa's sentence by applying the enhancement at U.S.S.G. § 2L1.1(b)(5), after it found that Zamarripa recklessly endangered illegal aliens by transporting them lying down, covered with wood, in the bed of his truck.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zamarripa challenged the enhancement, arguing that such judicial fact-finding violated Blakely v. Washington, 124 S. Ct. 2531 (2004). Blakely reaffirmed the rule that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.'" Blakely, 124 S. Ct. at 2536 (quoting Apprendi v. New Jersey, 530 U.S. 466 (2000)).

After Zamarripa was sentenced, the Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005), applying its holding in Blakely to the Federal Sentencing Guidelines. Because the district court enhanced Zamarripa's sentence based on its factual determination, other than the fact of a prior conviction, the district court committed error under Booker.

Zamarripa preserved his argument by raising it in the district court. Ordinarily, when a defendant presents a preserved Booker issue, we vacate the sentence and remand, unless the Government can demonstrate that the error was harmless beyond a reasonable doubt. United States v. Pineiro, ___ F.3d ___, 2005 WL 1189713, * 2 (5th Cir. May 20, 2005). Here, the Government has waived argument with respect to error. Accordingly, the Government cannot demonstrate harmless error, and Zamarripa's sentence must be vacated and remanded for resentencing.

VACATED AND REMANDED.